IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ATLANTIC CAPES FISHERIES, INC., <br><br> Plaintiff, <br><br> v. <br><br> GRAVES & SCHNEIDER INTL, LLC and MATTHEW SCHNEIDER <br><br> Defendants. | HONORABLE JEROME B. SIMANDLE <br><br> Civil Action <br> No. 17-11479 (JBS/KMW) <br><br> **MEMORANDUM OPINION AND ORDER** |

**SIMANDLE, District Judge**:

   This matter comes before the Court by way of a motion for default judgment filed by Plaintiff Atlantic Capes Fisheries, Inc. (hereinafter "Plaintiff"). (See Motion for Default Judgment (hereinafter "Pl.'s Mot.") [Docket Item 9].) Default having been entered as to all Defendants, Plaintiffs now seek default judgment under Fed. R. Civ. P. 55(b). No opposition has been filed with regards to Plaintiff's present motion

   1.   Plaintiff filed the Complaint herein on November 9, 2017, alleging that Defendants Graves & Schneider Intl, LLC and Matthew Schneider (hereinafter, collectively, "Defendants") are liable for negligence (Count I), breach of contract (Count II), violation of the New Jersey Consumer Fraud Act (Count III), common law fraud (Count IV), breach of fiduciary duty (Count V), and breach of bailment duty (Count VI). (See Complaint [Docket

Item 1].) The Complaint seeks monetary damages, including "such other punitive, anticipatory, consequential and compensatory damages, and reasonable attorneys' fees and costs as this Court may deem fit and proper." (Id. at ¶¶ 61, 64, 69, 73; see also id. at ¶¶ 46, 53.)

2. Defendants were both personally served with process on December 8, 2017. (See Summons Returned Executed [Docket Items 5 & 6].)

3. Neither Defendant filed an Answer or otherwise responded to the Complaint within 21 days of service, as required by Rule 12(a), Fed. R. Civ. P., and no Defendant has done so to date.

4. Plaintiff filed for Entry of Default against Defendants on February 6, 2018. (See Motion for Entry of Default [Docket Item 7].) The Clerk of Court granted Plaintiff's request for Entry of Default on February 15, 2018. (See Clerk's Entry of Default, Feb. 15, 2018.)

5. Plaintiff's present motion was filed on March 6, 2018, and seeks both partial default judgment for a sum certain and the scheduling of a proof hearing with regards to other damages. (See Pl.'s Mot. [Docket Item 9].) No opposition or other response to the motion has been filed.

6. The Court shall therefore convene a proof hearing upon Plaintiff's Motion for Default Judgment against all defendants

who then remain in default, which will be scheduled before the undersigned on **November 27, 2018 at 10:00 A.M.** The motion for default judgment requires a proof hearing because it seeks fraud-related damages and attorney's fees and is not a mere book-account contractual claim. Fed. R. Civ. P. 55(b)(2). In addition to the Certification of Brian McEwing [Docket Item 9] and the documents attached to Mr. McEwing's Certification, (see Exhibit A [Docket Item 9-3]), the Court may need factual testimony elucidating the role played by each Defendant giving rise to its alleged liability.

7. The Court also requests that Plaintiff address the applicability of the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, et seq. (hereinafter "NJCFA"), to the transaction at issue in this case. Specifically, if Plaintiff continues to pursue such a claim, the Court requests that Plaintiff submit a supplemental brief addressing whether Plaintiff is a consumer within the protection of the NJCFA, whether a commercial fishing license is a consumer good for purposes of the NJCFA, and thus the purchase of a commercial fishing permit by a commercial fishing business from persons such as Defendants is the type of transaction covered by the NJCFA. Plaintiffs' supplemental submission addressing the applicability of the NJCFA will be due by no later than **November 14, 2018**.

Accordingly, and for good cause shown;

**IT IS** this __**24th**__ day of __**October**__, **2018,** hereby

**ORDERED** that Plaintiff's motion for default judgment shall be scheduled for a proof hearing on **November 27, 2018 at 10:00 A.M., before the undersigned in Courtroom 4A**; and it is further

**ORDERED** that Plaintiff shall, by no later than **November 14, 2018**, submit a supplementary brief addressing whether the purchase of a commercial fishing permit by a commercial fishing business from persons such as Defendants is the type of transaction covered by the New Jersey Consumer Fraud Act, N.J.S.A. §§ 56:8-1, et seq.

          __**s/ Jerome B. Simandle**__
          JEROME B. SIMANDLE
          U.S. District Judge